IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

No. 15-cv-01666-REB

ATHENA M. EZELL,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER DENYING MOTION FOR SENTENCE SIX REMAND

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Sentence Six Remand or Default Judgment** [#15],[1] filed October 6, 2015. I deny the motion.

Under sentence six of the 42 U.S.C. § 405(g), the court may "order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Plaintiff claims that such remand is required here because the administrative record does not contain a copy of the medical report of Dr. Ellen Ryan, on whose opinion the ALJ relied in reaching his disability determination, or a work history report. As the Commissioner now has supplemented the record with Dr. Ryan's report (*see* **Supplemental Administrative Record** [#21], filed November 19, 2015), that aspect of plaintiff's motion

---

[1] "[#15]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

is moot.[2]

Regarding the absent work history report, and assuming *arguendo* that the materiality standard of sentence six could be met, plaintiff has made no effort to demonstrate good cause for the failure to obtain and submit this report or object to its ostensible exclusion from the record, either before the ALJ or at the Appeals Council level.  *See Wilson v. Astrue*, 602 F.3d 1136, 1149-50 (10th Cir. 2010).  Moreover, the majority of plaintiff's arguments in this regard address the putative merits of her claims on appeal.  Those matters can and should be raised and argued appropriately in that context.

Finally, plaintiff is not entitled to default judgment in this case.  As provided in this court's **Order for Preparation of Joint Case Management Plan for Social Security Cases** [#6], filed August 6, 2015, "[t]he Answer shall consist of a certified copy of the transcript of the administrative record plus any affirmative defense, which if then not filed, shall be waived," *id.* ¶ 2.b.  The Commissioner has fully complied with that directive in this case, and no further responsive pleading was required.

**THEREFORE, IT IS ORDERED** that plaintiff's **Motion for Sentence Six Remand or Default Judgment** [#15], filed October 6, 2015, is denied.

---

[2] In her reply, plaintiff insists, without citation to the record, that Dr. Ryan "originally made findings on behalf of the agency that were different from those made by the ALJ based on the Ryan report."  (**Plf. Reply** at 1 [#23], filed November 23, 2015.)  To the extent that assertion may be true, it is a matter best left for briefing and resolution on the merits and certainly provides no basis to order a sentence six remand.

Dated November 24, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge